UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDER PAGE, | CASE NO. C08-0968-JLR |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| LYNNWOOD POLICE DEPARTMENT, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, along with an application for leave to proceed *in forma pauperis* by a prisoner ("IFP application"). When he submitted these documents, plaintiff was in custody of the Snohomish County Jail. However, he recently was released.[1] Because plaintiff is no longer in custody, the IFP application which he originally submitted is inappropriate. Although the Court would normally grant plaintiff leave to submit an amended IFP application, to do so in this case would be futile because plaintiff's

---

[1] Plaintiff informed the Court that he had been released via a letter that the Court received on June 23, 2008. (Dkt. No. 3).

REPORT AND RECOMMENDATION
PAGE -1

01 underlying complaint fails to state a claim for relief.  Accordingly, the Court recommends that
02 plaintiff's complaint and this action be dismissed without prejudice.

## BACKGROUND

Plaintiff alleges in his complaint that on December 13, 2007, he became lost while driving in Lynnwood, Washington and looking for the local courthouse. (Complaint at 3).  Plaintiff, who apparently is disabled but capable of driving, asked two Lynnwood police officers for directions. (*Id.*)  Moments later, after plaintiff had parked his car in a disabled space in an underground garage near the courthouse, plaintiff noticed that a police "paddy wagon" had pulled in behind him and blocked his exit.  (*Id.* at 3A).  The same two officers who had given him directions earlier emerged from the paddy wagon and started asking plaintiff questions about why he had parked in a disabled space.  Plaintiff produced the proper documents which demonstrated that he was entitled to park in a space reserved for disabled drivers.  (*Id.*)  The two officers continued to ask plaintiff questions and ultimately found that plaintiff's driver's license had been suspended.  ( *Id.*)  They offered plaintiff a choice between being put in Jail or merely getting a ticket.  Plaintiff opted for the ticket.

Plaintiff alleges that the sole basis for being detained and questioned by the officers was "racial profiling."  (*Id.* at 3A).  Plaintiff states that he is African-American.  (Complaint at 3A). Plaintiff does not dispute that he was driving with a suspended license, nor does he allege that the police officers physically touched him or addressed him using racial or derogatory terms.  Plaintiff states that he filed a complaint with the City of Lynnwood but never received a response.  For relief, plaintiff requests damages for emotional distress and punitive damages, for a total amount of $100,000.  (Complaint at 4).

## DISCUSSION

Because plaintiff was a prisoner when he filed this lawsuit, the Court is charged with reviewing it under 28 U.S.C. § 1915A. Under that statute, the Court must dismiss the complaint if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A(b)(1). Having reviewed the complaint, the Court concludes, for the reasons discussed below, that plaintiff's complaint falls short of the allegations necessary to state a claim under § 1983.

In order to justify a brief investigatory stop, a police officer must be "aware of specific, articulable facts which, when considered with objective and reasonable inferences, form a basis for particularized suspicion." *United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, it is clear from the face of plaintiff's complaint that the two officers had specific, articulable facts which easily could have led to a particularized, *i.e.*, non-racial, basis on which to detain and question plaintiff, namely, the use by plaintiff of a disabled parking space. This activity presumably aroused the officers' suspicions, which led them to briefly question plaintiff and discover that although he was entitled to the parking space, he was not entitled to drive due to his suspended license. The lack of racial motivation or animus on the part of the officers is buttressed by the complete absence of any allegation that the officers used racial or derogatory terms in addressing plaintiff, and by the fact that the officers were apparently lenient in letting plaintiff choose between a ticket and being thrown in Jail.

For these reasons, the Court concludes that plaintiff has failed to allege facts that demonstrate any constitutional violations occurred during the brief detention and questioning of December 13, 2007. Plaintiff's complaint therefore fails to state a claim upon which relief can be

granted, and should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).[2]

## CONCLUSION

For the foregoing reasons, petitioner's complaint and this action under 42 U.S.C. § 1983 should be dismissed without prejudice. In addition, plaintiff's application to proceed *in forma pauperis* may be denied as moot. A proposed Order reflecting this recommendation is attached.

DATED this 7th day of July, 2008.

Mary Alice Theiler
United States Magistrate Judge

---

[2] Because it is clear that any attempt by plaintiff to amend his complaint to cure the above-described deficiencies would be futile, the Court need not provide plaintiff with an opportunity to amend prior to dismissal. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002); *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).